UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br><br>    Plaintiff,<br><br>    v.<br><br>ELLEN MCDONNELL, *et al.*,<br><br>    Defendants. | Case No. 23-cv-04276-SI<br>Related Case No. 16-cv-6607 SI<br><br>**SCREENING ORDER PURSUANT TO 18 U.S.C. § 1915(E)(2); ORDER OF DISMISSAL WITHOUT LEAVE TO AMEND** |

On August 22, 2023, plaintiff Mario Torres filed a 72-page complaint against 70 defendants.[1] The complaint asserts one cause of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, nine causes of action under 42 U.S.C. § 1983 and/or 18 U.S.C. §§ 241-242, numerous state law claims,[2] and seeks $600 million in damages. The complaint contains a statement of facts that covers the time period of 2012-2023, and each cause of action incorporates paragraphs 1-571 of the statement of facts.

Where, as here, a party proceeds *in forma pauperis*, the district court must screen the complaint and dismiss it if the plaintiff "fails to state a claim on which relief may be granted" or the action is "frivolous and malicious." 28 U.S.C. § 1915(e)(2)(B).

---

[1] The case was reassigned to the undersigned judge because some of the allegations are related to *Torres v. Hansen et al.*, C 16-6607 SI.

[2] The first nine causes of action contain a paragraph titled "State claims" and appear to allege claims for negligence. *See, e.g.*, Count I ("State Claims: For matters described in Count 1, Plaintiff claims that Hansen and Smith negligently performed their duties, intentionally caused physical and mental/emotional injuries to Plaintiff and are guilty of malice, fraud and oppression as defined in Civil Code 3294.").

# BACKGROUND

The factual allegations begin with a July 4, 2012, arrest of Torres by Concord police officers Mike Hansen and Daniel Smith, and the complaint details at great length the ensuing criminal proceedings flowing from that arrest, as well as three other criminal cases filed against Torres in 2013. As discussed below, Torres has filed many federal lawsuits and state and federal habeas petitions regarding these state criminal cases. In an order denying one of these habeas petitions, Judge Hamilton succinctly summarized the history of Torres' criminal cases as follows:

> In 2013, the district attorney filed four complaints against petitioner. On June 3, 2013, petitioner was charged with battery causing serious bodily injury and assault by force likely to produce great bodily injury with a great bodily injury enhancement. ("Case One").[3] On July 3, 2013, petitioner was charged with several offenses, including two counts of inflicting corporal injury to a spouse or cohabitant and resisting an executive officer. ("Case Two").[4] On July 17, 2013, petitioner was charged with being under the influence of methamphetamine, a misdemeanor. ("Case Three"). On August 26, 2013, petitioner was charged with possessing a controlled substance and possession of an opium pipe, both misdemeanors. ("Case Four").
>
> Petitioner went to trial on the charges in Case One, a jury found him guilty and the trial court sentenced him to six years. Petitioner appealed, and the California Court of Appeal reversed and remanded for retrial because the trial court erred in admitting evidence of uncharged assaults, which was compounded by the erroneous refusal to give a limiting instruction or to limit the scope of the inflammatory evidence the prosecution was permitted to introduce. *See People v. Torres*, 2014 WL 718473, *1 (Cal. Ct. App. Dec. 17, 2014).
>
> On February 5, 2015, the four cases were resolved pursuant to a plea bargain. In Case One, petitioner pled guilty to assault by force likely to produce great bodily injury and admitted to a great bodily injury enhancement; in Case Two, petitioner pled guilty to two counts of inflicting corporeal injury to a spouse or cohabitant and resisting an executive officer; in Case Three, petitioner pled guilty to being under the influence of methamphetamine. The prosecutor dismissed Case Four and the remaining counts in the other cases. The trial court sentenced petitioner to six years in state prison in Case One and two years and eight months on the other counts, to run concurrent with the six-year term.
>
> The abstract of judgment erroneously indicated the terms were to be served consecutively instead of concurrently. On March 5, 2018, the California Department of Corrections and Rehabilitation wrote a letter to the superior court requesting clarification about whether petitioner's sentences were to be served concurrently or

---

[3] The victim in "Case One" was Rick Hendricks, who has been named as a defendant in the current lawsuit.

[4] "Case Two" involved charges of domestic violence against Torres' then-girlfriend, Betty Zierke, and resisting arrest; both charges stemmed from the July 4, 2012 arrest of Torres by Concord police officers Hansen and Smith. Hansen, Smith and Zierke are all named as defendants in this lawsuit.

> consecutively. On April 3, 2018, the superior court repeated its previous error and issued an amended abstract stating the terms were to be served consecutively. On October 3, 2018, the superior court issued an amended abstract showing the terms were to be served concurrently. Petitioner was released from custody on November 14, 2018.

Order Denying Motions to Appoint Counsel and for Evidentiary Hearing; Denying Petition for Writ of Habeas Corpus and a Certificate of Appealability at 1-2, *Torres v. Hatton*, Case No. 17-4332 PJH (N.D. Cal. Mar. 8, 2019, Dkt. No. 42) (internal citations to ECF omitted).

Torres alleges that the judges, prosecutors, public defenders, court reporters, witnesses, and other individuals connected to those criminal cases violated his constitutional and civil rights in myriad ways. For example, Torres alleges that witnesses committed perjury; public defenders refused to provide him with discovery and conspired with prosecutors and the courts to deprive him of his rights; court reporters altered and "fabricated" transcripts; judges were biased against him; and police officers used excessive force against Torres. These are just some examples of the alleged misdeeds. The complaint also appears to allege claims arising from the period of time he was incarcerated after the first trial in "Case One," *see* Compl. ¶ 183 (alleging he was beaten by unnamed Sheriff's deputies in late 2013 or early 2014); when he was incarcerated after the conviction pursuant to plea agreement, such as claims that his property was confiscated while in prison and that he was retaliated against for filing complaints, *id.* ¶¶ 464-476 (events in 2018 in two different prisons); and when he was incarcerated on a parole violation in 2019 or 2020. *Id.* ¶ 564. In addition, Torres brings claims related to (1) parole violations after Torres was released from prison in 2018; (2) discovery issues in *Torres v. Hansen*, 16-6607 SI, a case currently pending before the undersigned judge; (3) family court proceedings involving Torres' daughter; (4) complaints that Torres has made to the FBI about corrupt county officials, police officers, and other public officials; (5) complaints that Torres has tried to file with the California Supreme Court; and (6) the State Franchise Tax Board deducting money from Torres' bank account in June or July of 2023. The defendants include numerous individuals who were involved in some way in Torres' legal proceedings, including (1) individual public defenders and public defender offices; (2) private lawyers and law firms; (3) judges, courts, court clerks and court reporters; (4) police officers and police departments; and (4) witnesses and alleged victims. Torres has also named as defendants various state and federal entities and officials, including the State of California, Governor Gavin Newsom, California Attorney

General Rob Bonta, the State Franchise Tax Board, the FBI, an individual FBI agent, the U.S. Department of Justice, the State Bar of California, the Northern District of California, the Ninth Circuit Court of Appeal and 200 Doe defendants.

## DISCUSSION

### I.   Res Judicata

The Court has reviewed the complaint and concludes that it suffers from many deficiencies. As a threshold issue, most of the claims in this lawsuit are barred by the doctrine of res judicata because Torres has already unsuccessfully alleged these claims in other lawsuits. "The doctrine of res judicata includes two distinct types of preclusion, claim preclusion and issue preclusion." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988) "Claim preclusion . . . applies where: (1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." *Central Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002). "The doctrine of issue preclusion prevents relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding." *Robi*, 838 F.2d at 322. "As a general matter, a court may, *sua sponte*, dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter and parties had been dismissed." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005) (internal citation and quotation marks omitted). Further, "[d]uplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e)." *Daniels v. Sherman*, Case No. 1:18-cv-01420-AWI-BAM (PC), 2021 WL 4480295, at *5 (E.D. Cal. Sept. 30, 2021) (citing *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)).

The Court concludes that the following claims alleged by Torres in this lawsuit are barred by res judicata and/or because they are duplicative and therefore frivolous.

### A.   Claims arising from Torres' July 4, 2012 arrest

Torres alleges various Fourth Amendment violations, such as excessive force by Officers

4

Smith and Hansen and unlawful search and seizure by Smith and Hansen (First and Second Causes of Action). These claims have been and are currently being litigated in *Torres v. Hansen et al.*, 16-6607 SI. Some claims were dismissed without leave to amend (such as claims against judges based on judicial immunity, and other claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)),[5] some claims were dismissed on summary judgment, and Torres' remaining Fourth Amendment claims against Officers Hansen and Smith are set for trial on November 6, 2023. <u>Torres may not reassert any of the claims related to the July 4, 2012 arrest in this latest lawsuit; those claims are DISMISSED without leave to amend.</u> If Torres believes the dismissal of any of the claims in 16-6607 was incorrect, he may file an appeal once judgment is entered in that case.

### B. Claims arising from Torres' 2013 first trial for the assault of Rick Hendricks

Torres alleges that judges, district attorneys, public defenders, and court reporters violated his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments in numerous ways during the pretrial and trial proceedings (Third-Seventh and Ninth Causes of Action). These claims were alleged and dismissed in *Torres v. Saba et al.*, 17-6587 SI, and the dismissal was affirmed by the Ninth Circuit. <u>Torres may not bring any additional claims regarding the 2013 trial; those claims are DISMISSED without leave to amend.</u>

### C. Claims arising from the 2015 plea agreement that resolved Cases One-Four

Torres alleges that judges, prosecutors, public defenders, and court reporters violated his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments (Third, Fifth-Ninth Causes of

---

[5] The Court notes that in this lawsuit, Torres has sued numerous individuals and entities that are subject to some form of immunity, including judges who are absolutely immune from civil liability under § 1983 for damages for acts performed in their judicial capacity, *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); prosecutors who are absolutely immune from liability under § 1983 for conduct in "pursuing a criminal prosecution" insofar as the prosecutor acts within the role as a "advocate for the state" and the actions are "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); and states and state agencies that are subject to Eleventh Amendment immunity. In every prior lawsuit filed by Torres, these same defendants have been dismissed based on immunity. *See, e.g.*, Dkt. No. 21 in 16-6607; Dkt. No. 7 in C 17-6587; Dkt. No. 22 in C 19-3851. Similarly, numerous courts have dismissed various of Torres' claims as barred by *Heck*. The fact that Torres has continued to pursue claims that are barred by *Heck* and against defendants who are immune demonstrates that this lawsuit is frivolous.

Action) in numerous ways in the proceedings leading up to the plea agreement and after the plea agreement was entered, including that the plea agreement was violated because the abstract of judgment contained an error that was later corrected by the state court. Torres also claims that he requested that his attorneys provide him with "discovery" materials from his case and that the attorneys refused to do so for years, or claimed that they had sent him the materials when they did not. These claims have been raised and dismissed or denied in several lawsuits: in 16-6607, this Court dismissed claims about the plea agreement, the proceedings leading up to it, and the convictions pursuant to it as barred by *Heck*, and also dismissed various claim on the basis of immunity. *See* Dkt. No. 12 in 16-6607. Torres raised additional claims related to the plea agreement – such as ineffective assistance of counsel by attorney (and defendant in this case) Christopher Martin; alleged *Brady* violations by the prosecution; and claims that the plea agreement was violated because the abstract of judgment contained an error – in a habeas petition, *Torres v. Hatton*, 17-4332 PJH. Judge Hamilton denied those claims, that order was affirmed by the Ninth Circuit, and the Supreme Court denied review. Torres filed a second habeas petition alleging that the plea agreement was violated when the state court issued an amended abstract of judgment in *Torres v. Kernan*, 20-3159 PJH; Judge Hamilton denied those claims, and again the Ninth Circuit affirmed and the Supreme Court denied review. Finally, in *Torres v. Becton et al.*, 19-6865 MMC, Judge Chesney dismissed claims that attorney Christopher Martin and various public defenders denied Torres access to discovery in connection with Case One and in the proceedings leading to the plea bargain. Torres did not appeal that dismissal. <u>Torres may not bring any additional claims about the 2015 plea agreement, the proceedings leading up to the plea agreement, the convictions pursuant to the plea agreement, or that the plea agreement was violated due to an error in the abstract of judgment or the correction of the error; those claims are DISMISSED without leave to amend.</u>

### D. Claims regarding Wasco State Prison

The complaint contains allegations about a time in 2018 when Torres was incarcerated at Wasco State Prison, including claims about his medical needs, property, and retaliation. *See e.g.*, Compl ¶¶ 453-67. Torres alleged these same claims in *Torres v. California Department of Corrections & Rehabilitation et al.*, 19-3851 SK. Judge Kim severed and dismissed all of Torres'

6

claims regarding his time at Wasco State Prison, without prejudice to Torres refiling those claims in the Eastern District of California. Torres did not appeal that decision, and it is unclear whether Torres ever filed a lawsuit in the Eastern District of California regarding Wasco State Prison. <u>Torres may not reassert any claims regarding his time at Wasco State Prison in this lawsuit; those claims are DISMISSED without leave to amend.</u>

### E. Claims that deputy clerk Simone Voltz refused to file a "Verified Accusation"

Torres alleges that Voltz, a deputy clerk at the California Supreme Court, refused to file a "Verified Accusation" "concerning corrupt officers of court in Contra Costa County" prepared by Torres, and that Voltz conducted her own personal investigation into Torres' "Verified Accusation" and decided that it was without merit. Compl. ¶ 568. Torres made the identical allegation in *Torres v. Voltz et al.*, 19-3874 RS. Judge Seeborg dismissed the case, the Ninth Circuit affirmed, and the Supreme Court denied review. <u>Torres may not reassert any claims about Voltz refusing to file a "Verified Accusation" in this case; those claims are DISMISSED without leave to amend.</u>

### F. Claims related to 2019 parole violation

The complaint alleges that when Torres was released from prison in late 2018, he refused to sign any documents acknowledging his parole conditions because he believed he had been illegally incarcerated, and that he was later arrested for a parole violation. Compl. ¶¶ 495-97, 502-55. Torres also alleges that the parole violation proceedings were unfair in various ways. Torres filed a habeas petition arguing that the parole violation was invalid because he was not on parole, *Torres v. Kernan*, 19-6885 PJH. Judge Hamilton denied the petition and the Ninth Circuit affirmed. <u>Torres may not reassert any claims that his parole violation was invalid in this case; those claims are DISMISSED without leave to amend.</u>

## II. Other Problems with the Complaint

The above-listed claims comprise the vast majority of the claims asserted in the complaint. The remaining claims are subject to dismissal as follows:

7

### A.     Claims regarding pretrial proceedings and discovery matters in 16-6607

The complaint alleges that the transcripts of a video deposition of Torres in 16-6607 are "false" and "favored the defendants," and the complaint names as defendants the lawyers who are representing Officers Smith and Hansen. Compl. ¶ 479. <u>Any matters regarding discovery or other pretrial matters in 16-6607 shall be addressed in that case and not in a separate lawsuit. Further, as Torres is aware, he has raised his allegations regarding "false" transcripts in 16-6607 and he has been provided with a copy of the video deposition. These claims are DISMISSED without leave to amend.</u>

### B.     § 1983 claims based on alleged injuries that occurred prior to August 22, 2021

The statute of limitations for a § 1983 claim filed in California is two years. *See Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011). The complaint was filed on August 22, 2023, and thus any claims that accrued before August 22, 2021 are untimely.[6] This includes the conclusory allegations about malfeasance by the FBI regarding complaints that Torres made to the FBI in 2019 and 2020, *see, e.g.* Compl. ¶¶ 559-60 (alleging that after Torres made a complaint to the FBI about "dishonest county officials" that he was arrested for parole violations and thus that the "parole violations were retaliation for trying to bring to light county corruption"); allegations that Doe Contra Costa Sheriff's deputies beat him up in late 2013 or early 2014 and in 2019 or 2020, *id*. ¶¶ 183, 564 (Second and Eighth Cause of Action[7]); and any claims Torres seeks to assert regarding family court proceedings involving his daughter. *See id.* ¶ 498 (alleging CPS attorney fabricated court documents in 2018).

---

[6] The complaint contains conclusory allegations about fraudulent concealment and the continuing violations doctrine, and alleges that all statutes of limitation have been "halted" and "tolled" because Torres has been the "victim of retaliation by Defendants starting at his first arrest on or about 7-4-12 to present day." *Id*. ¶¶ 82, 85-86. The Court finds the allegations of fraudulent concealment are conclusory and implausible because, among other things, Torres has been filing lawsuits about these matters since 2016. The continuing violations doctrine does not apply to retaliation claims under § 1983. *See Lelaind v. City and County of San Francisco*, 576 F. Supp. 2d 1079, 1093 (N.D. Cal. 2008) (citing *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 829 (9th Cir. 2003)).

[7] Given the length and scattershot nature of the complaint, it is not always clear which allegations correspond to which causes of action. The Court has done its best in trying to parse through the allegations and match them with causes of action.

The only allegation in the complaint regarding an event after August 22, 2021, is about the State Franchise Tax Board deducting money from Torres' bank account in June or July of 2023. Compl. ¶ 571. The complaint alleges that Torres called the tax board about the deduction and was told by an employee that Torres "owed a large sum of money." *Id*. Torres requested "all documents surrounding tax board's actions and the board has failed to produce the ones requested." *Id*. Torres claims that the tax board's actions "have evil intent behind them" and that the tax board "is working in collusion with the defendants in this case to cause injury to Plaintiff." *Id*.

Setting aside the fact that Torres' allegations are conclusory, his claims against the State Franchise Tax Board are barred by the Eleventh Amendment. The Eleventh Amendment bars suits seeking damages against the State, including state agencies. *See Beentjes v. Placer County Air Pollution Control Dist*., 397 F.3d 775, 777 (9th Cir. 2005). The State Franchise Tax Board is a state agency, and thus it is entitled to Eleventh Amendment immunity from suit. *See Peralta v. California Franchise Tax Board*, 124 F. Supp. 3d 993, 999 (N.D. Cal. 2015). Further, "[s]tates or governmental entities that are considered 'arms of the state' for Eleventh Amendment purposes" are not persons within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Thompson v. City of Los Angeles*, 885 F.2d 1439, 1442-43 (9th Cir. 1989). Thus, the only claim falling within the § 1983 statute of limitations is DISMISSED without leave to amend because the claim is barred as a matter of law.

### C. There is no private right of action under 18 U.S.C. §§ 241-242

The cover page of the complaint states that it is brought pursuant to 18 U.S.C. §§ 241-242. Those criminal statutes do not provide a private right of action. *See Peabody v. United States*, 394 F.2d 175, 177 (9th Cir. 1968). To the extent the complaint alleges causes of action under these statutes, those claims are DISMISSED without leave to amend.

### D. RICO

The RICO cause of action incorporates all of the statement of facts and all preceding causes of action, is alleged against all 70 defendants, alleges that "defendants have a history of

racketeering," and that they are "guilty of fraud, obstructing justice and obstructing an appropriate criminal investigation." Compl. at p. 70-71. The complaint also alleges,

> Defendants have covered up the brutality of police officers on many occasions, targeted and injured Plaintiff's family, fabricated sentencing transcripts, wrongfully convicted and incarcerated Plaintiff, retaliated against Plaintiff, refused to file Plaintiff's lawsuits and other court filings, withheld video evidence of excessive force, held Petitioner's court hearings in secret so not to expose court dishonesty and corruption, taken Petitioner's children as punishment, worked in collusion with alleged victims in Petitioner's court hearings to unlawfully incarcerate Plaintiff, refused to give Petitioner the medical and mental health needed, etc.

*Id*. at p. 72.

The RICO cause of action fails to state a claim for numerous reasons, including that the events underlying the claim are barred by RICO's four-year statute of limitations, *see Agency Holding Corp. v. Malley-Duff & Assocs., Inc*., 483 U.S. 143, 156 (1987), and the claims that form the basis for the RICO claim are barred by res judicata, *Heck*, numerous forms of immunity, are conclusory, and in many respects are implausible. Because the RICO claim is predicated on allegations that are barred as a matter of law, this claim is DISMISSED without leave to amend.

### E.   State law claims

To the extent that any state law claims are not barred by res judicata or the statute of limitations, the Court declines supplemental jurisdiction over those claims. Torres may pursue state law claims in state court.

## CONCLUSION

For the reasons stated in this order, pursuant to 28 U.S.C. § 1915(e)(2), the Court concludes that the complaint fails to state a claim and is frivolous, and that the deficiencies cannot be cured by amendment. Accordingly, the Court DISMISSES the complaint without leave to amend.

**IT IS SO ORDERED**.

Dated: September 8, 2023

_____
SUSAN ILLSTON
United States District Judge